## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:14cv112

| | | |
|---|---|---|
| **RICHARD MOORE GRYDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| **ERIC HOLDER, United States Attorney** | ) | |
| **General and ANNE M. TOMPKINS,** | ) | |
| **United States Attorney,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Pending before the Court are the Motion to Substitute Party [# 4] and the

Motion to Dismiss [# 6] filed by the United States.  Plaintiff brought this action

against Defendants pursuant to the Federal Tort Claims Act ("FTCA") asserting a

claim for medical malpractice arising out of the removal of Plaintiff's thyroid by

the Department of Veterans Affairs ("VA"). The United States moves to substitute

the United States for the individual Defendants and to dismiss the Complaint. The

Court **RECOMMENDS** that the District Court **GRANT** the Motion to Substitute

[# 4] and the Motion to Dismiss [# 6].

### I.    Background

Plaintiff is a resident of Asheville, North Carolina who underwent a

thyroidectomy at a VA hospital. (Pl.'s Compl. pp. 3, 7.) Plaintiff contends that the doctors at the VA hospital removed his thyroid without concrete evidence of cancer. (Id. at p. 6.) Specifically, Plaintiff alleges that he had Hashimoto's thyroiditis, not cancer, and that the doctors should have treated his condition with thyroid replacement hormone instead of total thyroid removal. (Id.) Plaintiff contends that he now has to take various drugs as a result of his thyroid removal. (Id.)

Plaintiff filed an administrative tort claim with the VA, which was denied. (Id. at p. 7.) Plaintiff's claim for reconsideration was also denied. (Id.) Subsequently, Plaintiff brought this action pursuant to the FTCA against the United States Attorney General Eric Holder and United States Attorney Anne Tompkins. The United States then moved to substitute itself as the proper defendant in this action and moved to dismiss the Complaint. The District Court referred the motions to this Court, and the Court entered an Order advising Plaintiff of his obligation to respond to the motions. (Order, Aug. 13, 2014.) Plaintiff failed to file a response. The motions are now properly before this Court for a Memorandum and Recommendation to the District Court.

## II.   Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims

state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974;

see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

#### A. The Motion to Substitute

Plaintiff brought this action pursuant to the FTCA, which waives the sovereign immunity of the United States for negligence caused by a federal employee while acting within the scope of his or her employment. Durden v. U.S., 736 F.3d 296, 301 (4th Cir. 2013); Lopatina v. U.S., 528 F. App'x 352, 356 (4th Cir. 2013) (unpublished). The proper defendant in a FTCA action is the United States. Oxendine v. Kaplan, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001) ("The United States is the only proper defendant in an FTCA action."); Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000) ("[T]he FTCA requires that the named

defendant in an FTCA action be the United States and only the United States.");

Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly

provides that the United States is the only proper defendant in a suit alleging

negligence by a federal employee.").  Plaintiff, however, failed to name the United

States as a defendant.  Accordingly, the Court **RECOMMENDS** that the District

Court **GRANTS** the motion [# 4], **SUBSTITUE** the United States as the sole

Defendant in this action, and **DISMISS** any claims asserted against the Defendants

Holder and Tompkins.

B.     **The Motion to Dismiss**

Pursuant to the Federal Tort Claims Act, the United States is liable in the

same manner and extent as a private individual under similar circumstances

pursuant to the law where the act or omission occurred.  28 U.S.C. § 2674; 28

U.S.C. § 1346(b)(1); Anderson v. U.S., 669 F.3d 161, 164 (4th Cir. 2011).  "In

other words, a claimant has a FTCA cause of action against the government only if

she would also have a cause of action under state law against a private person in

like circumstances."  Anderson, 669 F.3d at 164 (internal quotations and citation

omitted).  Thus, the substantive law of the state where the cause of action arises

applies.  Id.  Here, the acts giving rise to Plaintiff's medical malpractice claim

occurred in North Carolina, and North Carolina substantive law applies to his

claim.  <u>See</u> 28 U.S.C. § 1346(b)(1).

A substantive legal requirement for a medical practice claim in North Carolina is that a complaint assert that the medical care and records have been reviewed by a person who is reasonably expected to qualify as an expert witness and will testify that the medical care did not comply with applicable standard of care.  N.C. Gen. Stat. § 1A-1, Rule 9(j).  The failure to comply with the requirements of Rule 9(j) is grounds for dismissal.  <u>See</u> <u>Moore v. Proper</u>, 715 S.E.2d 586, 596 (N.C. Ct. App. 2011); <u>Roush v. Kennon</u>, 656 S.E.2d 603, 605 (N.C. Ct. App. 2008); <u>Frazier v. Angel Med. Ctr.</u>, 308 F. Supp. 2d 671, 676 (W.D.N.C. 2004) (Thornburg, J.); <u>Estate of Williams-Moore v. Alliance Once Receivables Mgmt., Inc.</u>, 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); <u>McGee v. U.S.</u>, No. 5:09-CT-3192-BO, 2011 WL 474413, at *4 (E.D.N.C. Feb. 4, 2011).

Federal Courts in North Carolina have routinely required Rule 9(j) certification in medical malpractice claims asserted pursuant to the Federal Tort Claims Act.  <u>See</u> <u>Littlepaige v. U.S.</u>, 528 F. App'x 289, 293 (4th Cir. 2013) (unpublished); <u>Lauer v. U.S.</u>, Civil No. 1:12cv41, 2013 WL 566124, at *4 (W.D.N.C. Feb. 13, 2013) (Reidinger, J.) (applying Rule 9(j) to medical malpractice claim brought pursuant to the FTCA);  <u>Smith v. U.S.</u>, No. 1:10cv112, 2011 WL 4899933, at *16-17 (M.D.N.C. Oct. 14, 2011) (same); <u>Savage v. U.S.</u>,

No. 5:10-CT-3169-FL, 2011 WL 3664798, at *1-3 (E.D.N.C. Aug. 18, 2011) (same); McGee, 2011 WL 474413 (same); Hannah v. U.S., No. 5:09-CT-3135-BO, 2011 WL 744148 (E.D.N.C. Feb. 23, 2011) (same).

An exception to Rule 9(j) exists where a complaint asserting a medical malpractice claim contains factual allegations establishing negligence under the doctrine of *res ipsa loquitur*. N.C. Gen. Stat. § 1A-1, Rule 9(j); Frazier, 308 F. Supp. 2d at 676. The doctrine of *res ipsa loquitur* applies in North Carolina when (1) direct proof of the injury's cause is not available; (2) the instrumentality involved in the plaintiff's accident is under the control of the defendant; and (3) the injury suffered by plaintiff is of the type that does not ordinarily occur in the absence of some omission or negligent act. Alston v. Granville Health Sys., 727 S.E.2d 877 (N.C. Ct. App. 2012); Yorke v. Novant Health, Inc., 666 S.E.2d 127, 135 (N.C. Ct. App. 2008); Rowell v. Bowling, 678 S.E.2d 748, 751 (N.C. Ct. App. 2009). "[T]he *res ipsa loquitur* doctrine is only applicable where 'there is no direct proof of the cause of the injury available to the plaintiff.'" Yorke, 666 S.E.2d at 135 (quoting Parks v. Perry, 314 S.E.2d 287, 290 (N.C. Ct. App. 1984).

As a threshold matter, it is undisputed that Plaintiff failed to include a Rule 9(j) certification in his Complaint. Thus, Plaintiff's Complaint is subject to dismissal unless he can establish negligence under the doctrine of *res ipsa loquitur*.

The Complaint, however, is devoid of any factual allegations establishing negligence under such a doctrine. Plaintiff does not allege in the Complaint that there is no direct proof of the cause of his injury. In fact, the Complaint alleges the specific cause of Plaintiff's injury - that the staff at the VA intentionally removed his thyroid. Accordingly, the doctrine of *res ipsa loquitur* is not applicable to Plaintiff's claim because the Complaint alleges the direct and specific cause of his injury. See Rowell, 678 S.E.2d at 752; Alston, 727 S.E.2d 877; Yorke, 666 S.E.2d at 136. Moreover, the Complaint contains no allegations that the injury suffered by Plaintiff is of the type that does not ordinarily occur in the absence of some omission or negligent act. Accordingly, the Court finds that Plaintiff's claim, is subject to dismissal for failure to comply with the requirements of Rule 9(j), and the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 6].

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Substitute Party [# 4], **SUBSTITUTE** the United States as the Defendant in this action, and **DISMISS** the claims against the Defendants Holder and Tompkins. In addition, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 6] and **DISMISS** the action against the United States in its entirety.

Signed: September 26, 2014

Dennis L. Howell
United States Magistrate Judge

**<u>Time for Objections</u>**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).