UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00112-MOC-DLH

| | | |
|---|---|---|
| **RICHARD MOORE GRYDER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). No objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the brief factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith. In so finding, the court notes that the Magistrate Judge, in conformity with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Judge Howell advised defendant of his right to respond to the Motion to Dismiss, how to respond to the Motion to Dismiss, and allowed him additional time within which to file a response. Review of the court's docket reveal that such Order was mailed to plaintiff and not returned. No response was filed. Further, Judge Howell properly advised the pro se litigant in his M&R of his right to object and the time within which to do so. Again, the Clerk of Court properly mailed that Order to plaintiff, but such Order was returned as undeliverable "unable to forward." Finding that plaintiff was likely aware of the government's motion and the court's instructions on responding to that motion, it appears that plaintiff has abandoned this litigation. In an abundance of caution, the court will dismiss this action without prejudice as it appears that plaintiff's Rule 9(j) failure could, theoretically, be cured and a new action filed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#9) is **AFFIRMED,** and the government's Motion to Substitute party and Dismiss are **ALLOWED**, the United States of America is **SUBSTITUTED** for the named defendants as the defendant herein, and this action is **DISMISSED** without prejudice.

Signed: October 28, 2014

Max O. Cogburn Jr.
United States District Judge